# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA DIVISION
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**             **CASE NO.1:03CR58-MMP/AK**

**JASON DWAYNE ASHFORD,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Doc. 27.  Defendant pled guilty to possession of a firearm by a prior convicted felon on December 10, 2003.  Doc. 16.  He was sentenced on March 16, 2004, to a term of 220-months imprisonment.  Doc. 23. He did not appeal the sentence.

On this occasion, Defendant maintains that he has been subjected to an unconstitutionally enhanced sentence under the Sentencing Guidelines in contravention of *Booker*.  Doc. 27.

Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court

determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2204). However, the Eleventh Circuit has just determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 2005 WL 367095, at *4 (11th Cir. Feb. 17, 2005).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 27, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __16th__ day of March, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**Case No.1:03cr58-mmp/ak**